IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEBORAH J. HELTON,
# 16116-032,

Petitioner,

vs.

GREENVILLE FPC,

Respondent.                                    Case No. 16-cv-558-DRH

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Deborah Helton, who is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the calculation of her criminal history score by the sentencing court, the U.S. District Court for the Eastern District of Kentucky (Doc. 1).  This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  As discussed in more detail below, the Section 2241 petition is subject to **DISMISSAL**.

## Background

On February 14, 2013, Helton and 33 co-defendants were indicted in the United States District Court for the Eastern District of Kentucky for eight counts all related to a conspiracy to distribute oxycodone and other controlled substances, as well as possession with the intent to distribute and distribution of said substances (*See* E.D. Ky. CM/ECF, Case No. 2:13-cr-00008-ART-EBA-12,[1] Doc. 1). On April 11, 2013, a superseding indictment was filed (*Id.* Doc. 364). On April 19, 2013, Helton entered a plea of "not guilty" to all counts (*Id.* Doc. 442). She changed her plea to "guilty" pursuant to a written plea agreement on July 18, 2013 (*Id.* Docs. 790-92). The court accepted the plea, ordered a presentence report, and set the matter for sentencing (*Id.* Docs. 790-93). Prior to sentencing both parties submitted sentencing memoranda (*Id.* Docs. 978, 984). On November 21, 2013, the court (hereinafter "sentencing court") sentenced Helton to a term of 78 months imprisonment on Count 1s, concurrent with a term of 78 months imprisonment on Count 9S, and entered judgement to the same effect (*Id.* Docs. 1011-12). Helton also received concurrent terms of 5 years of supervised release (*Id.* Count 1s) and 3 years of supervised release (Count 9S) (*Id.*).

Helton filed a *pro se* Motion to Reduce Sentence with the sentencing court on November 13, 2014, seeking a reduction based upon Amendment 782 to the Sentencing Guidelines (*Id.* Doc. 1256). Her motion was denied without prejudice

---

[1] Further references to the docket from the Eastern District of Kentucky will be identified as "E.D. Ky., Doc. No." or *id.* as appropriate.

by a general standing order of the sentencing court (*Id.* Doc. 1258). The order directed the dismissal of any motions to reduce sentence pursuant to Amendment 782 to the Sentencing Guidelines, instructing individuals that the court would *sua sponte* examine eligibility for Amendment 782 reductions, and directing individuals to postpone filing motions for reduction until at least March 1, 2015 (*Id.*). On March 12, 2015, Helton again filed her *pro se* Motion for Reduced sentence (*Id.* Doc. 1335). The sentencing court again dismissed the motion without prejudice, directing refiling on or after October 15, 2015 (*Id.* Doc. 1374). On September 15, 2015, the sentencing court entered an Order denying Helton's request for a sentence reduction under Amendment 782 (*Id.* Doc. 1430).

Helton filed a letter and Motion for Clarification of her sentence in November 2015 (*Id.* Docs. 1466, 1480), wherein she sought clarification of the sentencing court's discussion of her sentence range calculation from its September 15, 2015 Order. The sentencing court granted her Motion for Clarification and issued an Order on December 1, 2015, explaining its calculations (*Id.* Doc. 1481).

Subsequently, on February 11, 2016, Helton filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255 alleging ineffective assistance of counsel due to her counsel's alleged failure to contest her sentence calculation (*Id.* Doc. 1496). The sentence calculation issue Helton argued in her § 2255 was distinct from the Amendment 782 issue she previously raised in her motions for modification (*Id.*). In her § 2255 Petition, Helton claimed that her criminal history category was

improperly counted as a II based upon her status as a state probationer, when in fact her category should have been calculated as a I, because her state probationary status had expired at the pertinent time of calculation (*Id.*).

On April 18, 2016, the sentencing court adopted a Report and Recommendation (R&R) denying the Petitioner's § 2255 on the ground that it lacked merit (*Id.* Docs. 1502-03).  The sentencing court adopted the discussion in the R&R whereby the magistrate judge concluded that there was no possible merit to Helton's contention (*Id.* Doc. 1502).  Of pertinence, the magistrate judge recommended dismissing Helton's § 2255 Petition because the facts she admitted in her plea agreement and colloquy explicitly refuted any claim she was making that her sentence was miscalculated (*Id.* Doc. No. 1499, pp. 3-4) ("Defendant previously admitted that the conspiracy to distribute Oxycodone took place '[d]uring a period of time between January 1, 2010 and February 21, 2013"— meaning that, even if her state court probation 'ended in April,' 2010 as she now claims, Defendant committed the offense at issue while on probation…. Given this record, Defendant's § 2255 claim has no factual basis and her criminal history Category II is likewise accurate.")).  Thus, the R&R concluded that Helton's § 2255 should be denied because there was no possible merit to her sentencing calculation claim under the facts of her plea agreement (*Id.*).

On May 17, 2016, Helton filed the present petition under 28 U.S.C. § 2241, again seeking a recalculation of her criminal history score (Doc. 1).  In the petition, rather than couching her claim explicitly as 'ineffective assistance of

counsel,' she labeled her new claim as a 'time lapse' (*Id.*). It is unclear what Helton means by 'time lapse,'[2] but the facts she presents in support of her request for a sentence recalculation are verbatim the same as her original § 2255 Petition (*See id.* Doc. 1496; Doc. 1).

## Habeas Petition

Procedurally, Helton has filed the present § 2241 petition, after raising identical claims in a § 2255 petition filed before the sentencing court. (*See* E.D. Ky. Doc. No. 1496 (Helton's *pro se* § 2255 petition, filed February 11, 2016)). The sentencing court denied her § 2255 Petition after finding that Helton's collateral attack on her sentence calculation was meritless (*Id.* Doc. Nos. 1499, 1502-03). Rather than seeking leave to file a successive § 2255, Helton now seeks relief under § 2241.

Substantively, in the present § 2241 Petition, Helton alleges that her sentence was miscalculated based upon an erroneous criminal history category (Doc. 1 at 6-7). Helton alleges that her Presentence Investigation Report ("PSI") assessed her criminal history category as a level II, based in part upon criminal history points attributed to her for committing the present offense while on probation for a state offense (*Id.*). According to Helton, her state probation expired in April 2010, whereas her participation in the present offense did not commence until May 2010 (*Id.*). Thus, she argues that her status as a state

---

[2] Presumably, Helton means that her criminal history category was improperly calculated because there was a 'time lapse' between the end of her status as a state probationer and the criminal conduct in the underlying criminal matter. According to Helton, the sentencing court overlooked this time gap, and thus improperly enhanced her criminal history category.

probationer should not have been counted when calculating her criminal history category—which would have led to a score of I instead of II (*Id.*). At a criminal history category of I, she alleges that she would have been eligible for a "safety valve" exception, which would have correlated to a different sentencing range (*Id.*). In support of her argument, Helton attached a record that purports to show that her state probation was terminated in April 2010 (Doc. 1-1). Helton seeks resentencing in accordance with her argument, though she does not state what she believes would be an accurate sentencing calculation (Doc. 1 at 9).

## Discussion

Pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases in United States District Courts, this Court must dismiss a petition if after careful review it determines that the petitioner is not entitled to relief. After carefully reviewing the petition in the present case, the Court concludes that the petitioner is not entitled to relief, and the petition must be dismissed.

Normally, a federal prisoner who challenges the validity of her conviction or sentence is required to bring her claim in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the district of conviction. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). As a general matter, Section 2241 is the appropriate means by which to challenge the *execution* of a sentence, while Section 2255 is to be used to challenge the validity of conviction and sentence. *See Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012); *Kramer,* 347 F.3d at 217; *Walker v. O'Brien,* 216 F.3d 626, 629 (7th Cir. 2000). Section 2255 limits

petitioners to a single petition, unless they are able to secure permission for a successive 2255 from the Court of Appeals, or their claim falls within the 'Savings Clause' created by § 2255(e) with reference to § 2241.

The Savings Clause requires a petitioner to show that Section 2255 is inadequate or ineffective to challenge the validity of her detention. *See In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998). The fact that a petitioner may be barred from bringing a second or subsequent § 2255 petition is not in and of itself enough to render Section 2255 inadequate. *Id.* Moreover, the petitioner must show that she relies on a statutory interpretation case, rather than a constitutional case; that she relies on a retroactive decision that she could not have asserted in her initial § 2255 petition; and, that the error in her sentence was grave enough to constitute a miscarriage of justice. *See Brown,* 696 F.3d at 640 (citations omitted). Absent such a showing, and absent an appropriate basis for a successive § 2255 petition, a Petitioner's § 2241 petition necessarily must fail. *See Hill v. Werlinger*, 695 F.3d 644, 649 (7th Cir. 2012).

Here, Helton initially brought her claim of sentence miscalculation before the sentencing court in a § 2255 petition, claiming that her sentence was miscalculated. The sentencing court assessed the merits of her claim, and found that based upon facts in the record, her sentence was not erroneously calculated. Accordingly, the sentencing court denied her § 2255 petition. Helton did not appeal that denial. Instead, she filed a nearly identical petition in this Court under the guise of a § 2241 petition.

In support of her present § 2241 Petition, Helton does not explain how her initial § 2255 Petition was mishandled, nor does she argue that she has no adequate remedy under § 2255. The sentencing court acted within its purview by assessing the merits of her initial § 2255 Petition and dismissing the Petition for lack of meritorious grounds. *See* Rules 1(b) and 4 of the Rules Governing § 2254 Cases in United States District Courts. Nothing in the law or facts has changed since this occurred. The Petitioner cannot meet the three prongs for §§ 2241 or 2255(e) relief because her present Petition is not based upon a change in statutory interpretation, she was not prevented from raising her claim at an earlier stage, and neither her sentence nor the denial of her initial § 2255 Petition constitute a miscarriage of justice. *See Hill,* 695 F.3d at 648, 650 (finding that a § 2241 petition necessarily failed because a petitioner could not show that a prior § 2255 petition was inadequate, or failed to show that he met the three prongs for § 2241 relief). Thus, Helton has no meritorious claim that § 2255 did not present an adequate means of relief, and this Court must deny her § 2241 Petition. *See id.*

## Disposition

To summarize, Helton has not demonstrated that the § 2255 procedure was structurally inadequate to adjudicate her claims. Consistent with *In re Davenport*, Helton cannot raise her present claim through a § 2241 petition. *Davenport*, 147 F.3d at 609-10. Accordingly, the petition is summarily **DISMISSED** with prejudice.

If Helton wishes to appeal this dismissal, she may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Helton plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Helton does choose to appeal and is allowed to proceed IFP, she will be required to pay a portion of the $505.00 appellate filing fee in order to pursue her appeal (the amount to be determined based on her prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for Helton to obtain a certificate of appealability. *Walker*, 216 F.3d at 638.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 12, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.07.12 10:20:05 -05'00'

**UNITED STATES DISTRICT JUDGE**